# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY | : | |
|     Plaintiff, | : | Case No. 3:09cv00020 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| JUDGE JOHN S. PICKREL, *et al.*, | : | |
|     Defendants. | : | |

# REPORT AND RECOMMENDATIONS [1]

## I. INTRODUCTION

Plaintiff Larry E. Ealy alleges that he is "the victim of political assignation..." and moving "this Court for an investigation into this matter." (Doc. #2 at p.2). He brings this case pro se under 42 U.S.C. §§1983, 1985, 1986 claiming that "Defendants took part in a false arrest, Obstruction of Official Business and destroyed evidence contained in a videotape ... from an arrest made on 1-18-07 concerning tickets issued on 11-04-06." (Doc. #2 at p.3).

Plaintiff was previously granted leave to proceed *in forma pauperis* in this case under 28 U.S.C. §1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2).

## II. BACKGROUND

Plaintiff alleges that the traffic tickets, which led to his false arrest, were illegally issued when he Appeared for a hearing on January 18, 2007. He further alleges that Judge Pickrel and Bailiff John Thompson had Plaintiff arrested without a warrant and as a result, he spent twenty-seven hours in jail in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. During his subsequent trial in March 2007, Plaintiff maintains that "the video tape was obstructed and tampered with denying proper review." (Doc. #2 at p.3). He explains:

> The Defendants took the sound out of the tape and one could not hear the Officer confirming that he made the stop based on the memorandum and not a traffic stop, the complete tape would have secured the Plaintiff innocents [sic] at trial in the lower Court, the Plaintiff was initially ticked [sic] but never stopped based on an illegal transfer of his personal information that has been stolen by the local Dayton Police force and City Hall, the City of Dayton has falsely administered the Plaintiff[']s information from the City of Dayton law department to other law enforcement officials in the area without probable cause.

*Id*.

Plaintiff asserts that Prosecuting Attorney Diedra Logan and Police Officer Michael Saylor "conspired ... to destroy the evidence of the encounter on 11-4-06 the complete video tape of the officer at the Plaintiff[']s home confirmed the[r]e was never a stop made on November 4, 2006." *Id*. at p.4.

Plaintiff has attached to his Complaint a copy of a traffic ticket issued on November 4, 2006. The ticket was issued to Larry Ealy by Officer Saylor, who apparently wrote on the ticket, "[Defendant] had a tow truck w/ gray station wagon attached and in tow. [Defendant] had vehicle sitting at intersection of Richmond and Harvard.... I recognized Larry and ran his name through LEADS.... [Defendant] had a[n]

2

expired lic [presumably, "license"] since 2005." (Doc. #2, attached Exhibits at p.3).

Plaintiff also alleges in his Complaint:

> Defendant Mike Rankin conspired to deprive Plaintiff his due process rights were [sic] the City of Dayton charged Plaintiff with being under a 12-point suspension in BMV Case No. **S107011908** and BMV Case No. was derived from 2006TRD23651, and was appealed under **CA-22111** and was heard under Sct. **08-1625**.
>
> Case No. **TRD23651** led to the discovery of the conspiracy involving case NO. 90cv159 the Plaintiff['s] original civil rights violation case against the City of Dayton where the medical records were redacted without the Plaintiff's knowledge.
>
> ... Officer Michael Saylor ... confirmed that he was generated a similar memo as several other Police Judges and Prosecutors to the conspiracy against Ealy because he is African American Male and is currently being sought to be denied his rights to life liberty and property in Dayton Ohio. **See attachment (2)** BMV notice of suspension with case No. 2006-**TRD-23651** as giving the Plaintiff the 12-point suspension.

(Doc. #2 at p.4)(emphasis in original).

Plaintiff asserts, "In 23651 Saylor issued tickets to the home of the Plaintiff on 11-4-06 and that finding of guilty was and is totally erroneous because it gave the Plaintiff a 12-point Suspension even though the Officer never made a stop.... The Defendants have officially conspired to abuse its [sic] position of authority and maliciously prosecute without probable cause; the BMV cannot enforce a suspension without a Police Officer never having made a stop." (Doc. #2 at p.4).

### III. DISCUSSION

When enacting the original *in forma pauperis* (IFP) statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress

3

authorized the United States District Courts to dismiss an IFP Complaint if they are satisfied that the action is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2).

Viewing the Complaint through lens of §1915(e)(2), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

Accepting Plaintiff's allegations as true and construing them liberally in his favor, he claims that the named defendants have conspired against him because he is African American and because he filed a prior civil rights case against the City of Dayton. Plaintiff finds the conspiracy in the ticket he received for impeding traffic and the resulting conviction, which led to the 12-point suspension of his driver's license by the Ohio Bureau of Motor Vehicles. For several reasons, Plaintiff's allegations and claims must be dismissed under 28 U.S.C. §1915(e)(2)(B).

First, Plaintiff acknowledges that he appealed the suspension to the Ohio Court of Appeals (citing case number "**CA-22111**") and the Ohio Supreme Court (case number "**08-1625**"). (Doc. #2 at 4)(emphasis in original). Plaintiff acknowledges that he pursued appeals in both the Ohio Court of Appeals and the Ohio Supreme Court, and consequently, his present claims are "'so inextricably intertwined with the state court's denial in a judicial proceeding' that the federal court is 'in essence being called upon to review the state court decision. This the district court may not do.'" *Shea v. State of Ohio*, 1997 WL 144228 (quoting in part *District of Col. Court of Appeals v. Feldman*, 460 U.S. 486, 483-84 n.16 (1983)).

4

Next, Plaintiff's claims against Judge Pickrel and Bailiff Thompson concerning the issuance of a capias and Plaintiff's resulting arrest and incarceration are barred by the doctrine of absolute immunity. *See Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988).

In addition, under *Heck v. Humphrey*, 512 U.S. 477 (1994), any federal constitutional claim Plaintiff seeks to raise pursuant to 42 U.S.C. §1983 concerning the traffic ticket he received, his subsequent arrest and confinement upon a capias, or the ultimate suspension of his driving privileges are not cognizable in this case. The Supreme Court explained in *Heck*:

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983.

512 U.S. at 486-87. Plaintiff has not alleged facts indicating that state officials suspended his driver's license without due process or that the suspension was later reversed or invalidated by the Ohio courts. Without such allegations and since Plaintiff seeks to recover more than 11 million dollars in damages against the named defendants for actions that led to the suspension of his license, his claims in the instant case are not cognizable under §1983. *See id*.

Accordingly, Plaintiff's must be dismissed under 28 U.S.C. §1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be DISMISSED; and

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to

appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


March 16, 2009

                  s/ Sharon L. Ovington
                  Sharon L. Ovington
                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).